UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DOUGLAS K. LANGFORD, | : | Case No. 3:20-mc-00001 |
| Plaintiff, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| WELLS FARGO HOME MORTGAGE, et at., | : | |
| | : | |
| Defendants. | : | |

## SECOND REPORT AND RECOMMENDATIONS[1]

At the outset of this case, the undersigned Judicial Officer issued a Report and Recommendations (Doc. No. 2), which fully considered and recommended denying Plaintiff's Motion to Enforce Arbitration Award and Motion to Issue Emergency Injunctive Stay to Reestablish Possession of Property (Doc. No. 1).  Since then Plaintiff has filed an Amended Motion to Enforce Arbitration Award (Doc. No. 4) and has sought to withdraw this case without prejudice (Doc. Nos. 3, 8).  For their part, Defendants Wells Fargo Bank, N.A., Scott A. King, and Federal National Mortgage Association (Defendants) have filed a Motion to Vacate Arbitration Award and Memorandum in Opposition to Plaintiff's Amended Motion to Enforce Arbitration Award (Doc. Nos. 7, 10), and they have opposed allowing Plaintiff to voluntarily dismiss this case without prejudice (Doc. No. 11).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendants contend that an Order vacating the LAMP arbitration award (the subject of Plaintiff's Motions) is warranted because they never agreed to arbitrate the matter that is the subject of the purported LAMP award. This contention is well taken.

The Federal Arbitration Act permits a federal court to vacate an arbitration award. 9 U.S.C. § 10. An order vacating an arbitration award is appropriate if there is no evidence that there was an agreement to arbitrate, or "'where the award was procured by corruption, fraud, or undue means.'" *PolyOne Corporation v. Westlake Vinyls, Inc.*, 937 F.3d 692, 696 (6th Cir. 2019) (quoting 9 U.S.C. § 10(a)); *see In re: Automotive Parts Antitrust Litigation*, 951 F.3d 377, 383 (6th Cir. 2020) ("'no matter how strong the federal policy favors arbitration, arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'")

Defendants' Motion to Vacate conclusively establishes that they did not agree to arbitrate a dispute with LAMP. *See* Doc. No. 7, PageID 205. Plaintiff, moreover, has not presented evidence even hinting at the existence of an agreement by Defendants to arbitrate any issue with Plaintiff before LAMP or a LAMP arbitrator. For that matter, Plaintiff has not shown that LAMP is an entity with legal validity or authority to arbitrate any disputes or issue arbitration awards that are enforceable in this Court. *See* Doc. No. 2, PageID 79-80. For these reasons, and in light of the analysis in the first Report and Recommendations, Defendants' Motion to Vacate Arbitration Award is well taken. And given the meritless proceedings Plaintiff has presented in this case, dismissal of this case with prejudice is warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Vacate Arbitration Award (Doc. No. 7) be GRANTED and this case be DISMISSED with prejudice;

2. Plaintiff's Motion to Withdraw Motion to Enforce Arbitration Award Without Prejudice (Doc. No. 3), Amended Motion for Arbitration Award (Doc. No. 4), and Motion to Withdraw (Doc. No. 8) be DENIED; and

3. The case be terminated on the Court's docket.

October 26, 2020                           *s/Sharon L. Ovington*
                                           Sharon L. Ovington
                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).